Common Pleas Court of Cuyahoga County.

DWORKEN V. DEPARTMENT HOUSE OWNERS ASSOCIATION OF CLEVELAND.

Decided June 26, 1930.

J. B. Dworken, Max P. Goodman, D. F. Anderson, Harry F. Payer, John Orgill, Max Dworken, Rufus Day, Howard Burnett, Howell Leuck, Joseph L. Stern, John Alburn, Ed. Wertz, Joseph Breitenstein, William Gordon, Melville Vickery, J. Rogers Jewitt, J. P. Mooney, Arthur A. Miller, Abe Kollin, for plaintiff.

John H. T. Miller, for defendant.

OVERMYER, J. (of Sandusky County sitting by designation.)

This action is brought by the plaintiff, an attorney at law of this city, represented by some twenty lawyers who enter their appearance as counsel for the plaintiff, against the defendant Apartment House Owners' Association of this city, a corporation organized not for profit, and the relief sought is an injunction "to restrain the defendant association, its officers, agents, directors, trustees and attorneys from advertising that it maintains a legal department for the benefit of its members and others, and from maintaining a legal department or carrying on the practice of law through itself, its officers, agents, directors, trustees or attorneys."

The petition alleges that the defendant corporation has for a long time, "illegally and in violation of law and its articles of incorporation, advertised that it has a legal department for the use of others and that it maintains a law department and that it practices law by hiring attorneys at law to carry on the work of the practice of law."

The answer of the defendant admits that it is a corporation duly organized under the laws of Ohio, and denies all other allegations of the petition.

The cause was submitted to the court on the pleadings and the evidence, and counsel have filed elaborate and helpful briefs.

After the cause was submitted, defendant filed a general demurrer to the petition without leave, but no separate hearing has been had thereon. The court's views on the cause submitted, as herein expressed, carry with them disposition of the demurrer.

It is admitted that the plaintiff is an attorney and counselor at law, duly admitted to practice, and has so practiced for more than seventeen years, and it is contended by the plaintiff:

1st. That as an attorney at law he has an exclusive franchise as one of a class to practice law, a *franchise* granted by the Supreme Court of Ohio only to persons, men and women, who can comply with the rules prescribed by the Supreme Court as to educational and moral qualifications, and pass the necessary examination held under authority of the Supreme Court as provided by law.

2d. That laymen or corporations cannot practice law either directly or indirectly.

3d. That an injunction can be issued by a court of competent jurisdiction to restrain a corporation from interfering with his *franchise* rights.

4th. That courts of equity have jurisdiction by injunction to protect a franchise from unlawful invasion or disturbance.

An attorney at law is the owner and holder of a *franchise*. The right to practice law is a special personal *franchise*, limited in Ohio to persons of good moral character, with special qualifications ascertained and certified after study and examination. The right or license to practice law confers a *franchise* as distinguished from an *office*.

See 6 Corpus Juris, 568-26 Corpus Juris, 1018; 190 Federal, (pages 974-1015 opinion) ; 4 Wall., 71 U. S., 333; Thornton on Attorneys at Law, Vol. 1, page 22.

Can a court of equity, by injunction, protect the owner and holder of a personal franchise from unlawful invasion or interference?

The defendant urges that injunction does not lie, and that the plaintiffs' remedy is *quo warranto.*

In the case at bar the charter of the defendant company in the purpose clause of its articles of incorporation, provides that the Association is formed "to promote the welfare of its members in the ownership, maintenance and conduct of apartment houses, stores and suites; to establish a bureau of information and service to its members; and to aid and assist in the reduction of operating expenses of said buildings; *and to furnish such legal service to its members as the Association* may deem advisable, and to do all things necessary and incidental thereto."

That the Secretary of State had no authority to issue a charter for a corporation with one of its purposes and objects such as is represented in the language italisized, there can be no doubt or dispute.

Section 8623-3 General Code provides, "A corporation for profit may be formed hereunder for any purpose or purposes *other than for carrying on the practice of any profession,*" etc.

Section 8623-97 provides for the incorporation of corporations not for profit, and the italicized inhibition above does not appear in this section, and the defendant argues that there is no inhibition against forming a corporation not for profit with a purpose clause authorizing the practice of law. This argument answers itself. Under what conceivable conditions or circumstances would a band of men or women associate themselves together into a corporation *not for profit* for the purpose of practicing law? It is the opinion of this court that in Ohio no corporation can practice law, and that only natural persons, men and women who have complied with the rules and regulations prescribed by the Supreme Court and have been duly admitted to practice by that court after an examination, can practice law in this state.

The defendant corporation is alleged to be a corporation not for profit and was so incorporated, and the evidence discloses a membership of about 1,250, and that each member pays dues ranging from $10 per year to $200

per year, rated according to suites in the respective apartments. At an average of $50 per year its income would be $62,500, or at $75 it would amount to $93,750. It is not shown what is done with this income, although the president testified he receives no salary. Whether a surplus is left after paying operating expenses was not shown.

Now if a corporation cannot be formed in Ohio for the purpose of practicing law directly, it cannot practice law indirectly by employing lawyers to practice for it, as that would be an evasion which the law would not tolerate.

If the defendant corporation has been practicing law, it has done so without any legal authority given it by its charter, for such authority cannot be given, and if the defendant has practiced law without this authority an action in *quo warranto* against the company would not of necessity bring the relief plaintiff prays for, because some of the purposes for which the defendant company was chartered are entirely legal. In other words, the defendant now says it has not been practicing law under this charter. If *quo warranto* would result in that clause being stricken from the charter, how would that prevent the defendant company from doing what they are now doing, when they say that does not constitute the practice of law?

The court is of opinion that injunction lies in this case, and if the evidence warrants, the injunction should be allowed.

See 1 Ohio State, 592; 102 O. S., 524; 84 Ala., 115.

In the Alabama case the court say:

"An injunction can be issued by a court to restrain a corporation from interfering with the franchise rights of an individual.

"Courts of equity have jurisdiction by injunction to protect a franchise from unlawful invasion or disturbance and will exercise such jurisdiction to secure the enjoyment of a franchise privilege, or to protect against an invasion of such franchise."

In 1 O. S., 592 the court say:

"Chancery will interfere to prevent the invasion of a statutory or corporate right of franchise, conferred upon an individual or corporation, against a party, attempting

to usurp the right, or exercise the franchise so specially conferred."

The right of the plaintiff, and all attorneys at law, to practice law, is a franchise, specially conferred by statutory authority, and laymen and corporations are prohibited from holding or exercising a similar right or franchise, and courts of equity will interfere to prevent an invasion of that right or franchise so held by an attorney at law on the part of those who are prohibited from holding it.

Has the defendant corporation engaged in the practice of law and is it now so engaged?

The evidence shows that it published a monthly magazine, in which it advertised that it had and maintained a legal department, 3,000 copies of which were distributed monthly not only to members of the association but to the general public; that under the head of "legal service" it advertised as follows:

"Eviction of tenants—at no legal expense; legal advise —free to members; collections out of court—at no expense to members; collections through court—cost only one-fourth of amount collected; other legal services at minimum expense to members."

That it advertised real estate reports would be made on a search of county records at a cost of 60 cents; that it would furnish free legal service for the eviction of tenants; that it conducted a page of legal questions and answers; that in one issue it carried an article by the attorney of the association urging membership in the association and taking advantage of the association's free legal service; that since its organization in 1927 its legal department has handled about 3,000 forcible entry and detainer cases under its advertisement saying—

"Eviction of tenants—at no legal expense."

That thousands of dollars in collections have been made through the legal department, the money turned into the defendant association and by it disbursed; that the asso-

ciation advertised in its magazine it had prepared and had printed blank forms of leases to meet all situations, and would be sold to members at cost at the offices of the association.

There are in evidence also letters written on the association stationery and letterhead, mailed in an association envelope, signed by the association per its attorney, directed to debtors who owed accounts to members, demanding payment and threatening legal action.

Eviction cases in Cleveland are brought in Municipal Court, a court of record where only duly admitted attorneys at law may appear and practice for clients. Any laymen would have as much right to appear in that court and represent a litigant as would the defendant association, and of course neither have that right.

As one court has said:

"The practice of law is not limited to the conduct of cases in court, but it embraces the preparation of pleadings and other legal papers and conveyances, and the giving of advice in the collection of claims," etc.

And the court could well have added that it would embrace any legal service for which an attorney at law could properly charge and collect a fee.

It is the view and opinion of this court that the engagements and practices of the defendant association did and do constitute the practice of law, and that its solicitation by advertisements to the public to become members so they might take advantage of the free legal service, or a cheaper legal service, would, if practiced by an attorney at law, subject him to proper discipline for unethical practices.

The wrongs and illegal practices complained of are an invasion of the franchise enjoyed by the plaintiff and all other regularly admitted attorneys at law practicing at this bar, and no special loss or damage to the plaintiff need be shown.

A corporation of course has a right to employ an attorney at law to look after its corporation affairs and to represent the corporation in court, but it has no right as a

corporation to practice law and to advertise itself in such manner as to induce members to join for the purpose of securing free or cheaper legal service at the expense of the corporation. To attempt this under some other name is but a subterfuge to avoid the express inhibitions of the statutes, and if permitted would make a lawyer's Supreme Court license indeed a mere "scrap of paper."

The demurrer to the petition will be overruled. The prayer of the petition will be granted, and the defendant corporation, its officers and agents, enjoined from practicing law either directly or indirectly in the manner and form complained of, and an entry may be prepared accordingly. Appeal bond fixed at $200.

Common Pleas Court for Montgomery County.

### FRANCIS L. MORGAN V. MAX PASTOR.

Decided June 17, 1930.

*Maurice J. Gilbert,* for plaintiff.
*I. L. Jacobson,* contra.

SNEDIKER, J.

This is an action for specific performance. The petition recites that the plaintiff on May 14, 1929 was the owner in fee simple of five lots at Crystal Lakes, Bethel